UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MATTHEW JAMES SEALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1275-JDT-cgc |
| ) | |
| QUALITY CORRECTIONAL HEALTH ) | |
| CARE, ) | |
| ) | |
| Defendant. ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE AND DIRECTING CLERK TO
OPEN A SEPARATE HABEAS PROCEEDING UNDER 28 U.S.C. § 2254

On November 25, 2019, Plaintiff Matthew James Sealey, who is incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On the same date, Sealey filed a 14-page handwritten statement and pages 7 through 15 of a form habeas petition under 28 U.S.C. §2254. Those habeas documents were filed as attachments to the form § 1983 complaint. (ECF Nos. 1-1 & 1-2.)

The Clerk's office has advised the Court that the remaining pages of the completed form habeas petition were received today, November 26, 2019. Therefore, the Clerk is DIRECTED to remove the 14-page statement and the partial habeas petition from this case and, along with the documents received this date, open a new habeas case pursuant to 28 U.S.C. § 2254. The Clerk shall also docket in that new habeas case a copy of the *in forma pauperis* affidavit that was filed in this case.

As to Sealey's § 1983 complaint, under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. *Id.* § 1915(a)(2).

In this case, the affidavit submitted by Sealey is not accompanied by a certified copy of his trust account statement. Accordingly, Sealey is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[1] or a certified copy of his trust account statement for the last six months.[2] If he needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.[3]

If Sealey timely submits the necessary document and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit.

[3] If Plaintiff is unable to obtain a trust account statement from prison officials, he should so notify the Court.

2

accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Sealey fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore*, 114 F.3d at 605.

If Sealey is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE